UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

SHERARD GATES,

        Petitioner,

v.                              CAUSE NO. 3:14-CV-1539-TS

SUPERINTENDENT,

        Respondent.

**OPINION AND ORDER**

Sherard Gates, a *pro se* prisoner, filed an amended 28 U.S.C. § 2254 Habeas Corpus Petition by a Person in State Custody challenging a state conviction [ECF No. 5]. The Court is obligated to review the Petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

According to the Petition, Gates pled guilty to possession of cocaine and habitual offender offenses in the Elkhart Circuit Court. (Amended Habeas Corpus Petition at 2, ECF No. 5.) In December 2006, he was sentenced to 30 years in prison. (*Id.*) He did not pursue a direct appeal. (*Id.*) In February 2007, he filed a state postconviction petition. (*Id.* at 3.) His petition was denied in July 2007. (*Id.*) He did not pursue an appeal to the Indiana Court of Appeals or the Indiana Supreme Court. (*Id.*)

In May 2014, Gates tendered his original Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 2]. The Petition was stricken, and on June 6, 2014, he tendered his Amended Petition [ECF No. 5]. He raises four claims: two claims based on violations of his Fourth Amendment rights in connection with his arrest; a claim

challenging the sufficiency of the evidence; and a claim of ineffective assistance of counsel in connection with his guilty plea. (Amended Habeas Corpus Petition at 4–5, ECF No. 5.)

Gates's Petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, habeas corpus petitions are subject to a strict one-year statute of limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Upon review, Gates's claims do not implicate a newly recognized constitutional right or newly discovered facts, nor does he claim that a state-created impediment prevented him from filing on time. As recounted above, Gates did not pursue a direct appeal, and so his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for filing an appeal expired in January 2007. *See* IND. R. APP. P. 9(A) (appeal must be filed with the Indiana Court of

Appeals within 30 days of trial court's judgment); *Gonzalez v. Thayer*, 132 S. Ct. 641, 653–54 (2012) (when a state prisoner does not complete all levels of direct review, his conviction becomes final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for seeking such review expires). Absent any period of tolling, Gates had one year from the date the time for filing an appeal expired to seek federal habeas relief. Gates filed a state postconviction petition in February 2007, and the filing of this Petition tolled the federal deadline under 28 U.S.C. § 2244(d)(2). However, because he did not pursue an appeal, the deadline began running again when the petition was denied in July 2007. Gates had almost 11 months left on the federal clock at that point, but he did not seek federal habeas relief for nearly seven years. His Petition filed in 2014 was therefore untimely by several years.

When asked to explain why his Petition is timely under the provisions of 28 U.S.C. § 2244(d), Gates appears to argue that his trial counsel was ineffective in failing to file a direct appeal on his behalf. (Amended Habeas Corpus Petition at 6, ECF No. 5). It appears Gates attempted to invoke principles of equitable tolling. Equitable tolling is an extraordinary remedy that is "rarely granted." *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). A habeas petitioner is entitled to equitable tolling of the deadline only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The Petitioner bears the burden of establishing that equitable tolling is warranted. *Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008). Under certain circumstances unprofessional attorney conduct may be "egregious" and warrant equitable tolling. *Holland*, 560 U.S. at 651. However, "garden variety" attorney negligence or ineptitude does not satisfy this standard. *Id.* at 651–52.

Here, even if Gates could establish that his attorney engaged in egregious misconduct by not filing a direct appeal (a difficult assumption in light of Gates's guilty plea), the federal deadline did not lapse because Gates failed to file a direct appeal. Instead, as recounted above, the federal deadline elapsed sometime in 2008, long after Gates was represented by trial counsel. He provides no explanation for the seven year gap between the date his state postconviction petition was denied and the date he filed his federal petition. Accordingly, he has not demonstrated that he has been pursuing his rights diligently, or that some extraordinary circumstances stood in his way and prevented timely filing. His petition is untimely and must be dismissed.

Even if Gates could overcome the timeliness problem, his claims are now procedurally defaulted. Before considering the merits of a claim, the federal district court must ensure that the petitioner exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). Interests of comity require that the state courts be given the first opportunity to address and correct violations of their prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). For that opportunity to be meaningful the Petitioner must fairly present his constitutional claims in one complete round of state review, including review by the state court of last resort. *See Baldwin v. Reese*, 541 U.S. 27, 30–31 (2004); *Boerckel*, 526 U.S. at 845. The companion procedural default doctrine, also rooted in comity concerns, precludes a federal court from reaching the merits of a claim when (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state law procedural ground; or (2) the claim was not presented to the state courts

and it is clear those courts would now find the claim procedurally barred under state law. *See Coleman v. Thompson*, 501 U.S. 722, 735 (1991).

Here, Gates did not pursue a direct appeal, nor did he pursue an appeal in the postconviction proceedings. (Amended Habeas Corpus Petition at 2–3, ECF No. 5). The time for doing so has long since passed under state law. IND. R. APP. P. 9(A). Indeed, Gates acknowledges in his Petition that he did not present any of his four claims to the Indiana Supreme Court. (Amended Habeas Corpus Petition at 4–6, ECF No. 5). The procedural default doctrine precludes him from raising those claims here.

Although unclear, Gates may be trying to argue that error by his trial counsel should excuse his procedural default. (*Id.* at 4–5). Attorney error rising to the level of ineffective assistance of counsel can constitute cause to set aside a procedural default. *Coleman*, 501 U.S. at 753-54; *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008). However, the exhaustion doctrine requires that an ineffective assistance claim be presented to the state court as an independent claim before it may be used to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451–52 (2000). If the ineffective assistance claim was itself not properly exhausted in state court, "the petitioner will be fully defaulted." *See Dellinger v. Bowen*, 301 F.3d 758, 766–67 (7th Cir. 2002). The present record does not reveal whether Gates raised an ineffective assistance claim in his state postconviction petition. Regardless, it is clear that he did not exhaust such a claim in one complete round of state review, since he did not pursue an appeal after his postconviction petition was denied. Gates is thus "fully defaulted." *Id.*

Gates also appears to argue that his default should be excused because he lacks knowledge of the law and did not know until recently that his rights had been violated.

(Amended Habeas Corpus Petition at 4–5, ECF No. 5). However, routine matters such as a petitioner's *pro se* status or lack of knowledge of the law do not establish cause to excuse a procedural default. *See Smith v. McKee*, 598 F.3d 374, 385 (7th Cir. 2010); *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003) (holding mental retardation, lack of education, and below-average intelligence insufficient to establish cause). Accordingly, even if the Petition had been timely filed, the court could not reach Gates's claims on the merits. For these reasons, the Petition must be dismissed with prejudice.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the Petitioner. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the Petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). As is fully explained above, Gates's Petition was late by several years. Even if he could overcome this barrier, his claims are procedurally defaulted and cannot be reviewed on the merits. Nothing before the Court suggests that jurists of reason could debate the correctness of this ruling or find a reason to encourage Gates to proceed further. Accordingly, the Court declines to issue Gates a certificate of appealability.

For these reasons, the Petition [ECF No. 5] is DISMISSED WITH PREJUDICE pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES. The Court DENIES the Petitioner a certificate of appealability.

SO ORDERED on June 30, 2014.

s/ Theresa L. Springmann

THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION